**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CLAUDE CARTER,                  ) | |
|                                 ) | |
|       **Petitioner,**           ) | |
|                                 ) | |
| v.                              ) | Case No. CIV-06-682-R |
|                                 ) | |
| JUSTIN JONES,                   ) | |
|                                 ) | |
|       **Respondent.**           ) | |

## ORDER

Petitioner , a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2241, alleging the violation of his constitutional rights with regard to a prison disciplinary hearing. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On February 16, 2007, Judge Roberts issued a Report and Recommendation wherein she recommended that the petition be denied on the merits. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation.

As a matter of law, the Court undertakes *de novo* review of those portions of the Report and Recommendation to which specific objection has been made. *See* 28 U.S.C. § 636 (b)(1)(C); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10 Cir.1991). The Court applies a "firm waiver rule," which holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996). Judge Roberts recommended that the petition

be denied on the merits with regard to all of Petitioner's claims, and in his objection Petitioner takes issue with her determination that he was not entitled to an appeal of his disciplinary conviction.

     Judge Roberts noted that Petitioner was the subject of a prison disciplinary proceeding based on excessive kissing during a visit with his wife. As a result of his conviction he lost 120 days of earned credits, was subjected to twenty days of disciplinary segregation and assigned to Level One for 60 days. The original conviction was imposed on March 1, 2005, but upon review by the facility head a rehearing was ordered. After the rehearing, which also resulted in a conviction, the facility head ordered a second rehearing. The second rehearing was conducted on April 19, 2005, and Petitioner was again convicted. His attempt to appeal was unsuccessful. His appeal was first returned because Petitioner had attached too many documents. In an amended response Debbie L. Morton, the Director's Designee, also noted that the original appeal had been received out of time. Petitioner argued that he timely submitted his request for mailing but that it was not processed by the mail room in sufficient time to meet the appeal deadline. Despite this argument, Petitioner's request for leave to appeal out of time was denied.

     As noted by Judge Roberts in the Report and Recommendation, an appeal is not constitutionally required in the context of prison discipline. Accordingly, regardless of whether Petitioner was denied an appeal through no fault of his own or whether the Department of Corrections should have granted Petitioner leave to appeal out of time, these denials do not implicate his due process rights. Accordingly, and for the reasons set forth

herein, the petition for habeas corpus is DENIED on the merits. The Report and Recommendation issued by Judge Roberts on February 16, 2007, is hereby ADOPTED. Judgement shall be entered in favor of the Respondent.

IT IS SO ORDERED this 30th day of March 2007.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE